```
            UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

ESTATE OF JAMES A. RUSSICK,      :     Civ. A. No. 13-7773(NLH)(AMD)
GAIL RUSSICK, Executrix          :
on behalf of the                 :
Estate of James A. Russick,      :
and GAIL RUSSICK,                :
individually,                    :     **OPINION**
        Plaintiffs,              :
                                 :
    v.                           :
                                 :
TOM KOENIG and                   :
ANNE MARIE KOENIG,               :
                                 :
        Defendants.              :

**APPEARANCES**

RICHARD T FAUNTLEROY
RICHARD T. FAUNTLEROY, P.C.
1525 SOUTH MAIN ST.
PLEASANTVILLE, NJ 08232

    On behalf of plaintiffs

MICHAEL W. KULAKOWSKI
POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.
1814 EAST ROUTE 70
SUITE 350
CHERRY HILL, NJ 08003

    On behalf of defendant Tom Koenig

**HILLMAN, District Judge**

    Defendants Tom Koenig and Anne Marie Koenig are spouses who obtained a loan, in the amount of $188,000.00, from Mrs. Koenig's parents in New Jersey in order to build a home in Tennessee. Mrs. Koenig's father passed away, and Mrs. Koenig's

1

mother, Gail Russick, as executrix of James Russick's estate, has filed this instant action against Mr. and Mrs. Koenig to recover the balance of the unpaid loan, which was financed by a home equity loan on the Russick's New Jersey home.[1]  Mr. Koenig disclaims that he had any involvement whatsoever with Mrs. Koenig obtaining the loan, or agreeing to any repayment terms. Because of his purported lack of involvement, Mr. Koenig filed a motion to dismiss the complaint against him for lack of personal jurisdiction.  The Court denied that motion without prejudice, directed the parties to undertake a limited period of jurisdictional discovery, and permitted Mr. Koenig to refile his motion.  Presently before the Court is Mr. Koenig's renewed motion to dismiss for lack of jurisdiction.

The Court finds that the jurisdictional discovery and subsequent briefing does not significantly alter the Court's analysis in its prior Opinion. (Docket No. 11.)  There, the Court noted that legally married spouses maintain a special

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Plaintiffs, Gail Russick and her late husband James Russick, are citizens of New Jersey, see 28 U.S.C. § 1332(c)(2) (the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent), and defendants Anna Marie Koenig and Tom Koenig are citizens of Tennessee.

2

status as a single unit in many areas of the law, and the actions of a husband and wife cannot be separated from one another as concretely as unrelated people or entities. (Id. at 15-16.) The Court also noted that Mr. Koenig's affidavit disclaiming any involvement with the loan could be considered self-serving. (Id. at 14.) The Court recognized, however, that Mrs. Koenig had not appeared in the case, and she did not provide an affidavit regarding her version of events to counter Mr. Koenig's assertions.

In opposition to Mr. Koenig's renewed motion, Mrs. Koenig provides an affidavit to demonstrate her recollection of Mr. Koenig's involvement in the loan and his resulting connections with New Jersey. (Docket No. 21 at 18-20.) Mrs. Koenig states, "My contacts with my parents to borrow the money was with Tom's instruction and for the benefit of both of us to have the construction of our home completed." (Id. at 20 ¶ 11.) The result of the jurisdictional discovery and supplemental briefing is dueling affidavits, each with a self-interest to establish – or refute – Mr. Koenig's contacts with New Jersey.

As the Court set-forth in the prior Opinion, "[o]nce challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz

3

AG, 270 F.3d 144, 150 (3d Cir. 2001)). In deciding a motion to dismiss for lack of personal jurisdiction, the Court must "accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." Carteret Sav. Bank v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir.), cert. denied, 506 U.S. 817 (1992) (citations omitted).

Gail Russick claims in her complaint that both Koenigs requested the loan in New Jersey, they received the proceeds from New Jersey, and they made payments to New Jersey. Even accepting as true Mr. Koenig's position that he had no involvement with the particulars of the loan agreement or the disbursement of the proceeds of the loan, the loan was obtained - by "purposeful availment" - from New Jersey and used for the benefit of building a marital home for him to share with his wife.[2] That Mr. Koenig claims that he was threatened by Mrs. Koenig into building the home, and blames Mrs. Koenig for the deterioration of their marriage as a result of the construction

---

[2] Mr. Koenig relates that Mrs. Koenig threatened him with divorce unless he constructed her dream home, and he describes the marital problems that arose as a result of their financial problems relating to the construction of the new home. (Docket No. 18-9.) Mr. Koenig states that he and Mrs. Koenig are now separated. At the time the loan was obtained and the subsequent following years, Mr. and Mrs. Koenig were, and have remained, legally married.

of the home, cannot negate the fact that the construction was a joint venture by legally married spouses.[3]

Exercising personal jurisdiction over Mr. Koenig under these circumstances cannot be found to offend "'traditional notions of fair play and substantial justice.'"  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  Moreover, the exercise of personal jurisdiction over Mr. Koenig in New Jersey satisfies the shared interest of interstate judicial systems to not permit a marital dispute to supplant the Federal Rules and Supreme Court precedent with regard to contracts formed in one state for the benefit received in another state.  Fed. R. Civ. P. 4(k)(1)(A) (a defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located"); Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985).[4]

---

[3] As the Court pointed out in the prior Opinion, Mr. Koenig has advanced a kind of "innocent spouse" argument similar to the defense in marital tax delinquency cases, but a high burden is placed on a spouse to prove such an "innocent spouse" defense.

[4] See, e.g., Essex Eng'g Co. v. Credit Vending, Inc., 732 F. Supp. 311, 315 (D. Conn. 1990) (finding that the court could exercise personal jurisdiction over Mrs. Merrill, explaining, "As the spouse who took the much more active role in the [marital] community's financial and business dealings, Merrill

Accordingly, in supplement to the Opinion issued on Mr. Koenig's first motion to dismiss, the Court will again deny Mr. Koenig's second motion to dismiss for lack of personal jurisdiction. The Court is hopeful that the parties can now move forward to efficiently resolve this contract dispute that has unfortunately pitted mother against daughter and son-in-law, and husband against wife.[5]

An appropriate Order will be entered.

Date: December 23, 2015          s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

acted as his wife's agent with respect to their community property. Although wife did not take an active role in the negotiations in issue, she was aware of them both individually and as a director of CVI and stood to benefit, as a member of the [marital] community, from the business venture if successful. Mr. Merrill conducted the business in question for and on behalf of the [marital] community and for its benefit. As part of the [marital] community, wife stood to benefit by the enhancement of the [marital] community's property. Thus, Mr. Merrill was acting for her benefit and thus on her behalf in his conduct of the business in issue.").

[5] Plaintiffs are suing Mr. and Mrs. Koenig jointly and severally. Whether Mr. Koenig will ultimately be responsible for the loan if judgment is entered in plaintiffs' favor will be determined in a family court proceeding. See, e.g., Alford v. Alford, 120 S.W.3d 810, 813 (Tenn. 2003) (holding that "marital debts" are all debts incurred by either or both spouses during the course of the marriage up to the date of the final divorce hearing, and guidelines in the equitable distribution of marital debt insure the fairest possible allocation of debt, and protect the spouse who did not incur the debt from bearing responsibility for debts that are the result of personal excesses of the other spouse).