UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

 ESTATE OF JAMES A. RUSSICK,        1:13-cv-07773-NLH-AMD
 GAIL RUSSICK, EXECUTRIX, GAIL
 RUSSICK, INDIVIDUALLY,             **MEMORANDUM
                                    OPINION & ORDER**
            Plaintiffs,

       v.

 TOM KOENIG and ANNA MARIE
 KOENIG, JOINTLY, SEVERALLY
 AND IN THE ALTERNATIVE,

            Defendants.

 TOM KOENIG,
            Cross-Claim
            Plaintiff,

       v.

 ANNA MARIE KOENIG,

            Cross-Claim
            Defendant.

**APPEARANCES**:

RICHARD T FAUNTLEROY
RICHARD T. FAUNTLEROY, P.C.
1525 SOUTH MAIN ST.
PLEASANTVILLE, NJ 08232

   *On behalf of Plaintiffs*

TOM KOENIG
11808 KINGSTON PIKE
SUITE 190
KNOXVILLE, TN 37934

   *Defendant/Cross-Claim Plaintiff appearing pro se*

**HILLMAN, District Judge**

WHEREAS, this case[1] concerns $188,000.00 obtained by Defendants Tom Koenig and Anna Marie Koenig, as husband and wife, from Anne Marie Koenig's parents in New Jersey in order to build their home in Tennessee; and

WHEREAS, after Anna Marie Koenig's father passed away, her mother, Gail Russick, as executrix of James Russick's estate, filed suit against the Koenigs to recover the balance of what she considers to be a loan, which was financed by a home equity loan on the Russick's New Jersey home; and

WHEREAS, on February 9, 2019, Plaintiffs' claims against Tom Koenig were settled, and on February 25, 2019, a judgment was entered against Tom Koenig in the amount of $188,000; and

WHEREAS, previously, on February 19, 2016, Tom Koenig filed a cross-claim against Anna Marie Koenig for indemnification/contribution (Docket No. 29),[2] which he

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Plaintiffs, Gail Russick and her late husband James Russick, are citizens of New Jersey, see 28 U.S.C. § 1332(c)(2) (the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent), and defendants Anna Marie Koenig and Tom Koenig are citizens of Tennessee.

[2] The current marital status of Tom Koenig and Anna Marie Koenig is unknown to the Court.

reasserted on December 9, 2016 in response to Plaintiffs' amended complaint (Docket No. 51); and

WHEREAS, Anna Marie Koenig never entered an appearance in the action, and on June 27, 2016, Tom Koenig filed a request that the Clerk enter default against Anna Marie Koenig, which the Clerk did that same day;[3] and

WHEREAS, before the Court is Tom Koenig's motion for default judgment in the amount of $188,000 plus costs on his cross-claim for indemnification/contribution against Anna Marie Koenig (Docket No. 127); and

WHEREAS, under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process: First, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court. Fed. R. Civ. P. 55(a). Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); <u>Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club</u>, 175 F. App'x 519, 521, n.1 (3d Cir. 2006); and

---

[3] Plaintiffs have never pursued their claims against Anna Marie Koenig. Anna Marie Koenig's only participation in the matter was her deposition, which, after she failed to appear at two depositions, was finally taken on January 31, 2017.

WHEREAS, while Tom Koenig has satisfied the first step, he has failed to meet the requirements of the second step; and

WHEREAS, Tom Koenig's motion for default judgment asks the Clerk to enter judgment in his favor in the amount of $188,000 plus costs because default has been entered against Anna Marie Koenig, and she is not a minor, incompetent, or in military service (Docket No. 127 at 6-7); but

WHEREAS, "[a]lthough the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages. Consequently, before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law," Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58–59, 63 (3d ed. 1998)); and

WHEREAS, Tom Koenig seeks contribution/indemnification from Anna Marie Koenig on Plaintiffs' claims against them for breach of contract, promissory estoppel, unjust enrichment, and fraud in the entire amount of the settlement he entered into with

4

Plaintiffs, along with the costs he has incurred while defending himself in this action; but

WHEREAS, Tom Koenig has not articulated any facts that support his legal conclusion that Anna Marie Koenig is wholly liable for that settlement amount, such that he is entitled to judgment in his favor on his indemnification/contribution cross-claim against Anna Marie Koenig, see, e.g., Standard Fire Ins. Co. v. MTU Detroit Diesel, Inc., 2010 WL 1379751, at *5 (D.N.J. 2010) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (explaining that even though indemnification and contribution cross-claims do not need to contain detailed factual allegations, they must set forth sufficient facts to raise a party's right to relief above the speculative level, and finding that the defendant's cross-claims consisted of nothing more than a formulaic recitation of the elements of claims for contribution and indemnification, and they "will not do"); Davidson v. Cornerstone Bank, 2011 WL 677321, at *5 (D.N.J. 2011) (finding the cross-claim for indemnification and contribution insufficient because it did not include any averments detailing how or why the defendants were jointly liable, and it did not identify any theory for why the cross-claimant is entitled to indemnification or contribution); cf. Tefft v. Tefft, 471 A.2d 790, 795 (N.J. Super. Ct. App. Div. 1983) (explaining that the prerequisites for contribution are:

(1) entry of a judgment or verdict, (2) determination of plaintiff's quantum of damages, and (3) the existence of nonsettling defendants, and if only one defendant had settled, the nonsettling defendant would not have a cross-claim for contribution against the settling defendant, rather, there would be a credit against the amount the nonsettling defendant would otherwise have to pay on the verdict of that amount attributable to the settling defendant's percentage share of negligence or responsibility as determined by the fact-finder); Polidori v. Kordys, Puzio & Di Tomasso, AIA, 526 A.2d 230, 234 (N.J. Super. Ct. App. Div. 1987) ("The allowance of contribution is founded upon principles of equity to insure a fair and just division of losses between responsible tortfeasors, and this right is only enforceable after the tortfeasor seeking it has been legally compelled to pay more than his equitable share of the liability.");[4] id. (providing that it is well-settled that to establish a claim for common law indemnification, a defendant must demonstrate that he was free of fault in the causing of the plaintiff's injury) (quoting Restatement, Restitution, § 96 at

---

[4] The Court notes that Plaintiffs' complaint sought $224,000 in damages, plus interest and costs. Tom Koenig settled Plaintiffs' claims against him for $188,000, which was the loan principal. If Plaintiffs pursued their claims against Anna Marie Koenig, and she cross-claimed against Tom Koenig for contribution, the amount of Tom Koenig's settlement would serve as a credit to Anna Marie Koenig's liability.

6

418 (1937) ("A person who, without personal fault, has become subject to tort liability for the unauthorized and wrongful conduct of another, is entitled to indemnity from the other for expenditures properly made in the discharge of such liability.")) (other citations omitted); and

WHEREAS, Tom Koenig has also failed to provide documentation to quantify the costs he has incurred, for which he seeks to hold Anna Marie Koenig responsible, see, e.g., Lurty v. 2001 Towing & Recovery, Inc., 2019 WL 3297473, at *6 (D.N.J. 2019) (denying plaintiff's motion for default judgment because plaintiff did not provide sufficient proof to prove his damages, including the lack of an affidavit of damages by plaintiff);

THEREFORE,

IT IS on this  10th   day of   October   , 2019

ORDERED that the MOTION for Default Judgment by TOM KOENIG [127] be, and the same hereby is, DENIED WITHOUT PREJUDICE with leave to renew a motion for default judgment consistent with this Opinion and Order within 90 days; and it is further

ORDERED that if the motion is not renewed within 90 days the Court will issue an Order to Show Cause as to why the matter should not be dismissed for failure to prosecute.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.