UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ESTATE OF JAMES A. RUSSICK, GAIL RUSSICK, EXECUTRIX, GAIL RUSSICK, INDIVIDUALLY, | 1:13-cv-07773-NLH-AMD |
| Plaintiffs, | **OPINION** |
| v. | |
| TOM KOENIG and ANNA MARIE KOENIG, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, | |
| Defendants. | |
| TOM KOENIG, Cross-Claim Plaintiff, | |
| v. | |
| ANNA MARIE KOENIG, Cross-Claim Defendant. | |

---

**APPEARANCES**:

RICHARD T FAUNTLEROY
RICHARD T. FAUNTLEROY, P.C.
1525 SOUTH MAIN ST.
PLEASANTVILLE, NJ 08232

    On behalf of Plaintiffs

TOM KOENIG
11808 KINGSTON PIKE
SUITE 190
KNOXVILLE, TN 37934

    Defendant/Cross-Claim Plaintiff appearing *pro se*

**HILLMAN**, District Judge

This case[1] concerns $188,000.00 obtained by Defendants Tom Koenig and Anna Marie Koenig, as husband and wife, from Anne Marie Koenig's parents in New Jersey in order to build their home in Tennessee.  After Anna Marie Koenig's father passed away, her mother, Gail Russick, as executrix of James Russick's estate, filed suit against the Koenigs to recover the balance of what she considered to be a loan, which was financed by a home equity loan on the Russick's New Jersey home.

On February 9, 2019, Plaintiffs' claims against Tom Koenig were settled, and on February 25, 2019, a judgment was entered against Tom Koenig in the amount of $188,000.  On March 29, 2020, Plaintiffs filed a satisfaction of judgment confirming that Tom Koenig had paid the full amount of the settlement.

Previously, on February 19, 2016, Tom Koenig had filed a cross-claim against Anna Marie Koenig for indemnification/contribution (Docket No. 29),[2] which he

---

[1] This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  Plaintiffs, Gail Russick and her late husband James Russick, are citizens of New Jersey, see 28 U.S.C. § 1332(c)(2) (the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent), and Defendants Anna Marie Koenig and Tom Koenig are citizens of Tennessee.

[2] In his current motion for default judgment filed on January 14,

reasserted on December 9, 2016 in response to Plaintiffs' amended complaint (Docket No. 51).  In his cross-claim against Anna Marie Koenig, Tom Koenig seeks contribution/indemnification on Plaintiffs' claims against them for breach of contract, promissory estoppel, unjust enrichment, and fraud in the entire amount of the settlement he entered into with Plaintiffs, along with the attorney's fees and costs he has incurred while defending himself in this action.  Anna Marie Koenig never entered an appearance in the action,[3] and on June 27, 2016, Tom Koenig, who is appearing *pro se*, filed a request that the Clerk enter default against Anna Marie Koenig, which the Clerk did that same day.

Before the Court is Tom Koenig's second motion for default judgment[4] in the amount of $273,947.67, which consists of the

---

2020, Tom Koenig relates, "Ms. Koenig and I are separated and have not lived together since April 2014.  We have not divorced because of my religious beliefs."  (Docket No. 130-1.)

[3] Plaintiffs have never pursued their claims against Anna Marie Koenig.  Anna Marie Koenig's only participation in the matter was her deposition, which, after she failed to appear at two depositions, was finally taken on January 31, 2017.

[4] A request for default judgment is governed by Fed. R. Civ. P. 55 and is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff must request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Second, after the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court, Fed. R. Civ. P. 55(b); Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, 175

$188,000 judgment plus legal fees and costs, on his cross-claim for indemnification/contribution against Anna Marie Koenig. (Docket No. 130.)

On October 10, 2019, the Court denied Tom Koenig's first motion for default judgment because (1) he did not articulate any facts that supported his legal conclusion that Anna Marie Koenig is wholly liable for that settlement amount, such that he was entitled to judgment in his favor on his indemnification/contribution cross-claim against Anna Marie Koenig; and (2) Tom Koenig failed to provide documentation to quantify the costs he has incurred, for which he seeks to hold Anna Marie Koenig responsible. (Docket No. 129 at 4-5.) The Court afforded 90 days to Tom Koenig to refile his motion.

Tom Koenig timely filed his second motion for default judgment, in which he contends:

> I had never requested a loan from Plaintiffs, that any request for money had come from Ms. Koenig (the Russick's daughter), that the checks from the Russicks totaling $188,000 were sent to Ms. Koenig only, that I did not make any payments to the Russicks, and that the payments were made by Ms. Koenig. Subsequently, I obtained copies of all checks showing that I did not write checks to the Russicks. In summary, the debt to Plaintiffs (whether a gift or a loan) was incurred by Ms. Koenig without my participation or involvement.

(Docket No. 130-1 at 2.)

---

F. App'x 519, 521, n.1 (3d Cir. 2006).

Even accepting these contentions as true,[5] Tom Koenig has failed to connect them with the elements of his indemnification/contribution cross-claim against Anna Marie Koenig, which law was set forth in the Court's Memorandum Opinion and Order denying Tom Koenig's first motion for default judgment.  (See Docket No. 129 at 5-7, citing caselaw.)  Tom Koenig has also failed to address the effect of his current marital status on his cross-claim against his spouse,[6] as noted by this Court in two previous Opinions.  (See Docket No. 82 at 11 n.5; Docket No. 24 at 6 n.4, explaining that Plaintiffs sued the Koenigs jointly and severally, and whether Tom Koenig would ultimately be responsible for the loan if judgment is entered in Plaintiffs' favor against him would need to be determined in a family court proceeding, citing Alford v. Alford, 120 S.W.3d 810, 813 (Tenn. 2003) (holding that "marital debts" are all

---

[5] "Although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or allegations relating to the amount of damages.  Consequently, before granting a default judgment, the Court must first ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed. 1998)).

[6] See, *infra*, note 2.

5

debts incurred by either or both spouses during the course of the marriage up to the date of the final divorce hearing, and guidelines in the equitable distribution of marital debt insure the fairest possible allocation of debt, and protect the spouse who did not incur the debt from bearing responsibility for debts that are the result of personal excesses of the other spouse)).

Finally, Tom Koenig has again failed to provide documentation to quantify the costs he has incurred, for which he seeks to hold Anna Marie Koenig responsible, and Tom Koenig has failed to articulate how he is entitled to attorney's fees. See, e.g., Torus U.S. Services, Inc. v. Hybrid Insurance Agency, LLC, 2015 WL 6445788, at *6 (D.N.J. 2015) (denying the plaintiffs' request for damages because they failed to submit "any underlying documentation regarding their calculation of outstanding premiums or any documents regarding other sources of damages (e.g., interest, costs, attorneys' fees)"); Sun National Bank v. Seaford Specialty Surgery Center, LLC, 2016 WL 6154894, at *5 (D.N.J. 2016) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)) (in a motion for default judgment, denying the plaintiff's request for attorney's fees, explaining, "Plaintiff also seeks $46,255.00 attorney's fees and $6,187.00 in costs against Defendants. The burden of proving that a request for attorney's fees is reasonable rests on the party seeking the fees. To satisfy this burden, the petitioner must

6

'submit evidence supporting the hours worked and rates claimed. In this case, Plaintiff has not submitted any documentation supporting these figures."); Oster v. Angel's Const. Swimming Pool Renovation, LLC, 2012 WL 3060931, at *1 (D.N.J. 2012) (denying the plaintiff's motion for entry of default judgment in part because the amount of damages could not be determined on the record presently before the court, as no proofs of damages had been submitted, and further finding, "[w]hile Plaintiff submitted an affidavit which demonstrated the amount of his legal costs, Plaintiff has not submitted anything which persuades this Court that he is entitled to such a fee award. The well-pleaded facts in the Complaint do not establish an entitlement to attorney's fees.").

Consequently, the Court will deny without prejudice Tom Koenig's second motion for default judgment. Tom Koenig will be afforded one final opportunity to renew a motion for default judgment if he can do so consistent with this Opinion and Order within 30 days. If the motion is not renewed within 30 days the Court will issue an Order to Show Cause as to why Tom Koenig's cross-claim should not be dismissed. An appropriate Order will be entered.

Date: August 10, 2020      s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.